FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 JUN 26 PM 2: 50

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

ROBERT L. CARPENTER,

      Plaintiff,

07-CV-6147CJS

-v-

MEMORANDUM and ORDER

JAMES T. HAYDEN, Judge;
Parole Officer ROBLYER;
Parole Officer MORELLI;
Parole Officer DOLAND;
and NEW YORK STATE PAROLE;

      Defendants.

## INTRODUCTION

Plaintiff Robert L. Carpenter has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, Chemung County Court Judge James T. Hayden, Parole Officer Roblyer, Parole Officer Morelli, Parole Officer Doland, and New York State Parole, have violated his constitutional rights. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been

granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff has filed a very limited complaint that fails to give the Court sufficient information to determine if he can state a claim against any of the persons named as defendants. Pursuant to Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires") plaintiff is granted an opportunity to amend his complaint to attempt to state a claim. However, given the law associated with actions against judges, who normally have absolute immunity, and actions that involve convictions that have not been overturned, as discussed below, plaintiff may well decide that he has no basis for a claim, and that amendment is unnecessary.

**Claims against Judge Hayden**

Plaintiff's claim that Judge Hayden violated plaintiff's constitutional rights is subject to dismissal with prejudice. It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. See, e.g., Mireles v. Waco, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10, 287 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347(1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though "unfairness and injustice to a litigant may result on occasion," *Mireles*, 502 U.S. at 9. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547.

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57(quoting *Bradley*, 80 U.S. (13 Wall.) at 351 (1871)). Second, a judge is immune only for actions performed in his judicial capacity. *Id.* at 360; *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction), *cert. denied*, 489 U.S. 1016 (1989); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant). *Stump* further distinguished between an "excess of jurisdiction" and "the clear absence of all jurisdiction" over the subject matter.

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much

> questions for his determination as any other questions involved
> in the case, although upon the correctness of his determination
> in these particulars the validity of his judgments may depend.

*Stump* at 356 n. 6 (citing *Bradley*, 80 U.S. at 351). Depending on the circumstances, which plaintiff had not shared with the Court, it may be futile for plaintiff to amend this part of the complaint. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

**Claims against Parole Officers and Parole Department**

First, plaintiff may not maintain an action against the New York State Department of Parole under 42 U.S.C. § 1983. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of a state," such as New York State Department of Parole, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Therefore, any claim against the State Parole Department is dismissed, and may not be amended.

In addition, plaintiff seems to be indicating that he was incarcerated as a result of illegal acts by his parole officers. It is not clear from his allegations whether he was convicted of the parole violations. The essence of plaintiff's claims appears to be that he was the victim of false arrest, malicious prosecution and improper detainer. The Supreme Court has held, however, that such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 484 (1994).[1]

Thus, although plaintiff is entitled to file an amended complaint that attempts to state a claim against the parole officers, if he has not yet invalidated convictions that were based on the acts of which he seeks to complain, his claims may well be premature.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted. For the reasons set forth above, claims against the New York State Department of Parole are dismissed with prejudice, and the

---

[1] It may be that plaintiff is filing this claim prophylactically, within the statute of limitations for a § 1983 action, in response to *Wallace V. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007) and understands that his case must be dismissed without prejudice as premature until he succeeds in the challenge of his conviction. On the other hand, because of the lack of detail with which plaintiff has alleged his claim, it is unlikely that he would be found to have sufficiently put defendants on notice of a claim to have properly filed within the statute of limitations.

remainder of plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 23, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that any claims against the New York State Department of Parole are dismissed with prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **July 23, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 23, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 23, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 23, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:   Buffalo, New York
         June 21, 2007

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE